**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ernesto Manuel FONSECA–CARO,
Defendant–Appellant.**

No. 95–16649.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1997.

Decided June 5, 1997.

Kenneth G. Parker, O'Melveny & Myers, Newport Beach, California, for defendant-appellant.

Robert L. Miskell and James D. Whitney, Assistant United States Attorneys, Tucson, Arizona, for plaintiff-appellee.

Before: BROWNING, and
SCHROEDER, Circuit Judges and
RESTANI, Judge.*

**OPINION**

PER CURIAM.

Ernesto Manuel Fonseca–Caro appeals the denial of his second motion for relief under 28 U.S.C. § 2255. We affirm.[1]

■ Fonseca-Caro was found guilty under a *Pinkerton* instruction of violating 18 U.S.C. § 924(c) based solely upon the use and carrying of a gun by a co-conspirator. Under *Pinkerton v. United States*, 328 U.S. 640, 647–48, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946), a co-conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy. Fonseca–Caro argues that since *Bailey v. United States* held "use" under § 924(c)(1) was limited to cases in which *the defendant* actively employed a firearm, the *Pinkerton* doctrine of vicarious liability is not applicable to offenses under § 924(c)(1) and Fonseca–Caro's conviction under the statute must be vacated. *See Bailey v. United States*, — U.S. —, —, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995).[2]

■ In arguing *Bailey* overruled *Pinkerton* in § 924(c) cases by implication, Fonseca–Caro relies solely on the Supreme Court's statement that "924(c)(1) requires evidence sufficient to show an *active employment* of the firearm *by the defendant.*" *See Bailey*, — U.S. at —, 116 S.Ct. at 505 (second emphasis added). It is unlikely in the extreme that the Supreme Court intended by this single sentence to overrule *sub silentio* years of decisional law applying *Pinkerton* to § 924(c)(1).

The Supreme Court granted review in *Bailey* only "to clarify the meaning of 'use' under § 924(c)(1)." *Bailey*, — U.S. at —, 116 S.Ct. at 505. The Court discussed the text and legislative history of § 924(c)(1) only to

determine the proper construction of this statutory term. *See id.* at — —, 116 S.Ct. at 505–09. *Bailey* did not address the application of *Pinkerton* to § 924(c)(1). Neither of the cases consolidated for review in *Bailey* involved more than one defendant. The Court did not mention co-conspirator liability at all. *See id.* at — —, 116 S.Ct. at 503–504.

This court has applied *Pinkerton* to uphold co-conspirator liability for a § 924(c) charge after *Bailey*, stating "[b]ecause the district court gave the jury a proper *Pinkerton* instruction and informed the jury that each coconspirator was vicariously liable for all acts taken by the other conspirator in furtherance of the conspiracy, we hold that the evidence was sufficient to support [co-conspirator] Lopez's conviction under section 924(c)." *United States v. Lopez*, 100 F.3d 98, 101 (9th Cir.1996) (footnote omitted). Pre-*Bailey* decisions of this court also applied *Pinkerton* to § 924(c)(1). *See United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir.1993) ("A conviction under § 924(c) may be based on *Pinkerton.*"); *United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir.1989) (applying *Pinkerton* to § 924(c)(1) charge).

Fonseca-Caro argues *Lopez* does not control whether *Bailey* was inconsistent with vicarious liability under *Pinkerton* because the issue was not specifically raised. *See United States v. Vroman*, 975 F.2d 669, 672 (9th Cir.1992) (holding that a prior case was not controlling because the issue before the court had not been raised). We now reject Fonseca–Caro's argument specifically and hold that the *Pinkerton* doctrine is applicable to a § 924(c)(1) charge after *Bailey*.

Other Courts of Appeals have reached the same conclusion. *See United States v. Wilson*, 105 F.3d 219, 221 (5th Cir.1997) (rejecting the appellant's argument that *Bailey* rendered the factual basis for his plea inade-

---

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

1. We address Fonseca–Caro's other arguments in an unpublished memorandum disposition filed today.

2. Whether *Pinkerton* applies to 924(c) after *Bailey* is a purely legal question. We may address

such an issue raised for the first time on appeal if the opposing party will not suffer prejudice because it was not raised in the district court. *See United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir.1996). Since the issue has been briefed fully on the merits, the government will not be prejudiced if we consider it. *See id.*

quate because his conviction was based upon the acts of his co-conspirators and noting that "even after *Bailey,* a co-conspirator may be held responsible under § 924(c) for the acts that another member of the conspiracy took in pursuit of their unlawful scheme"); *United States v. Myers,* 102 F.3d 227, 238 (6th Cir.1996) ("*Pinkerton's* viability in § 924(c) cases was not altered by *Bailey.*"); *United States v. Rodger,* 100 F.3d 90, 91 n. 2 (8th Cir.1996) ("We believe *Bailey* does not preclude the continued application of a co-conspirator theory of liability to section 924(c)(1) offenses."). Other circuits have assumed *Pinkerton* liability applied to § 924(c). *See, e.g., United States v. Washington,* 106 F.3d 983, 1011 (D.C.Cir.1997) (citing numerous other circuits applying *Pinkerton* to a § 924(c)(1) charge).

▆▆▆ Applying the *Pinkerton* doctrine, substantial evidence supports Fonseca–Caro's conviction. To establish *Pinkerton* liability, the prosecution must demonstrate "(1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement." *United States v. Douglass,* 780 F.2d 1472, 1475–76 (9th Cir.1986). The firearm was used in furtherance of the conspiracy—Koons–Barbosa testified he carried the gun to protect himself and the money he had brought to purchase the drugs. Carrying the firearm was within the scope of the drug conspiracy because it was available for Koons–Barbosa's use during the drug transaction and provided his protection. Fonseca–Caro could reasonably have foreseen that it was a necessary or natural consequence of the drug conspiracy that one of the participants would carry a firearm. In similar earlier transactions, Fonseca–Caro himself had carried a gun.

AFFIRMED.