119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo Alfonso SALAZAR, Defendant-Appellant.
 No. 96-56178.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. Nos. CV-95-08219-WDK, CR-88-00890-FFF; William D. Keller, District Judge, Presiding. Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guillermo Alfonso Salazar appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for conspiracy to distribute and possession with intent to distribute six kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Salazar contends that: (1) his Fourth Amendment rights were violated by the warrantless search of his car; (2) the district court erred by denying a second suppression motion; (3) he received ineffective assistance of counsel in an earlier section 2255 motion; and (4) the district court erred in instructing the jury. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 * Fourth Amendment
 
 
 4
 Salazar's Fourth Amendment claim is not cognizable in this section 2255 motion because he was provided with a full and fair opportunity to litigate this claim. See Tisnado v. United States, 547 F.2d 452, 456 (9th Cir.1976); see also Stone v. Powell, 428 U.S. 465, 494 (1976). Moreover, this court has already upheld the validity of the search of Salazar's car and held that the government had probable cause for the search. See Salazar v. United States, No. 93-56727, (9th Cir. Mar. 10, 1995) (unpublished memorandum disposition).
 
 II
 Suppression Motion
 
 5
 We reject Salazar's contention that the district court erred by denying a suppression motion made by his second trial counsel.[1] It is clear from the memorandum disposition on direct appeal that this court, in affirming Salazar's conviction, considered whether the district court abused its discretion in denying attempts to suppress evidence by both Salazar's original and second counsel. See Salazar, No. 93-56727. Accordingly, we will not review this claim. See United States v. Redd, 759 F.2d 699, 700-701 (9th Cir.1985) (per curiam); see also United States v. Currie, 589 F.2d 993, 995 (9th Cir.1979) ("The fact that the issue may be stated in different terms is of no significance.").
 
 III
 Ineffective Assistance of Counsel
 
 6
 We reject Salazar's contention that he received ineffective assistance of counsel on appeal in his first section 2255 motion, because there is no constitutional right to effective assistance of counsel in a section 2255 motion. See United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 IV
 Jury Instructions
 
 7
 Salazar contends that the district court impinged on the jury's fact-finding province in supplying supplemental jury instructions. At trial, the district court submitted a supplemental instruction stating that the jury could find Salazar guilty of possession if Salazar either possessed the cocaine himself or was a member of a conspiracy and a member of the conspiracy possessed the cocaine. Salazar does not, and indeed could not, dispute that this is a correct statement of the law. See Pinkerton v. United States, 328 U.S. 640, 647-48 (1946); United States v. Fonseca-Caro, 114 F.3d 906, 907 (9th Cir.1997). He instead contends that the district court acted improperly by underlining, and thus emphasizing, the word "or" in the supplemental instruction. We disagree. The district court properly stated the law, see Pinkerton, 328 U.S. at 647-48; Fonseca-Caro, 114 F.3d at 907, and we do not see how the underlining of which Salazar complains could have improperly influenced the jury.
 
 
 8
 Finally, Salazar contends that the district court erred by not giving a "buyer-seller" instruction at trial. We disagree.
 
 
 9
 While "mere sales to other individuals do not establish a conspiracy to distribute or possess with intent to distribute," United States v. Lennick, 18 F.3d 814, 819 n. 4 (9th Cir.1994), a "buyer-seller" defense is not available where the evidence indicates there was more than one isolated transaction, see United States v. Houser, 929 F.2d 1369, 1372 (9th Cir.1990). In addition, the sale of a large quantity of drugs indicates that the drugs were sold for redistribution rather than personal consumption. See id.
 
 
 10
 Here, Salazar was convicted of possession of six kilograms of cocaine. At trial, Salazar's codefendant, Dennis Alba testified that another cocaine supplier had introduced him to Salazar, under the name "Memo," and that he had completed two earlier cocaine transactions with Salazar.
 
 
 11
 Given the evidence of earlier cocaine sales, and the fact that Salazar supplied six kilograms of cocaine, he was not eligible for a "buyer-seller" instruction. See id. Accordingly, the district court did not err by denying Salazar's section 2255 motion.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It appears that this was actually Salazar's third trial counsel, but since he is referred to throughout the briefs as Salazar's "second" counsel, we, too, refer to him as Salazar's second counsel