132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven D. UDELL, Defendant-Appellant.
 No. 96-55158.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1997.**
Dec. 10, 1997.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief District Judge, Presiding
 Before HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven D. Udell appeals the district court's denial of his habeas petition, 28 U.S.C. § 2255, and his request for an evidentiary hearing, in connection with his conviction for conspiracy to manufacture methamphetamine and possess methamphetamine with intent to distribute, and use and carrying a firearm during the course of a drug trafficking crime. Udell claims that his conviction violates double jeopardy and that he was denied effective assistance of counsel.
 
 
 3
 The district court had jurisdiction under 28 U.S.C. § 2255; we have jurisdiction, 28 U.S.C. § 1291, and affirm.[1]
 
 
 4
 * Udell claims that his conviction violates double jeopardy because prior to his conviction, currency and personal property were seized and administratively forfeited. Udell's double jeopardy challenge has been foreclosed by the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135 (1996), holding that civil forfeitures pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981 are neither punishment nor criminal for purposes of the Double Jeopardy Clause. See also United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995), cert. denied, 116 S.Ct. 2528 (1996).
 
 II
 
 5
 Udell argues that his counsel was ineffective in failing to object at sentencing to the ex post facto application of an amendment to the United States Sentencing Guidelines to impose a two point enhancement because a firearm was possessed; erroneously advising him to enter a plea of guilty to use and carrying a firearm during and in relation to a drug trafficking crime; and failing to file necessary claims to the civil forfeiture proceedings and failing to present a double jeopardy defense to the criminal prosecution when Udell had already been punished for the same offense.
 
 
 6
 "[I]n order to demonstrate ineffective assistance of counsel, a habeas petitioner must show that counsel's performance fell below that of a reasonable attorney, and that counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different." Hamilton v. Vasquez, 17 F.3d 1149, 1155-56 (9th Cir.1994) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)). We review Udell's claim of ineffective assistance of counsel de novo. United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996).
 
 
 7
 * Udell argues his counsel was ineffective in failing to object at sentencing to the ex post facto application of an amendment to the United States Sentencing Guidelines. However, the district court sentenced Udell in accordance with his Presentence Report, which explicitly states that he was sentenced under the November 1987 Sentencing Guidelines. Thus, Udell's counsel was not ineffective by failing to object to the ex post facto application of the amended Sentencing Guidelines.
 
 
 8
 To the extent Udell is arguing that his counsel was ineffective by failing to argue that a showing of scienter was required under the 1987 Sentencing Guidelines, see United States v. Suarez, 911 F.2d 1016, 1020 (5th Cir.1990); United States v. Burke, 888 F.2d 862, 867-68 (D.C.Cir.1989), we disagree. This circuit has never held that the 1987 version of U.S.S.G. § 1B1.3(a)(3) requires a showing of scienter before a sentence for a drug-related crime could include a two-level increase for possession of a firearm under U.S.S.G. § 2D1.1(b).[2] In any event, the gun was found at Udell's primary residence in a locker along with a number of items that belonged to him. As these facts are sufficient to support a finding that Udell had knowledge of the gun, see United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988), Udell cannot show that he was prejudiced by any failure of his counsel to require a finding of scienter.
 
 B
 
 9
 Udell claims his counsel provided ineffective assistance by advising him to plead guilty to use and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), even though lie claimed to be innocent of the charge. Udell, however, did not plead guilty to this charge; he was convicted after a stipulated fact trial before the district court. Thus, Udell's lawyer did not provide ineffective assistance with respect to the gun charge.
 
 
 10
 Udell also argues that there was insufficient evidence to support his conviction on the gun charge in light of Bailey v. United States, 116 S.Ct. 501 (1995). We disagree.
 
 
 11
 The stipulated facts indicate that after telling an undercover agent that his guy would be "packing," Udell told his co-conspirator to come to the drug transaction armed. Udell knew where his co-conspirator was carrying the gun and he relayed this information to the undercover agent during the transaction. His co-conspirator then displayed the gun to the agent. Udell may be found guilty of violating 18 U.S.C. § 924(c) based solely on the use or carrying of a firearm by a co-conspirator. See United States v. Fonseca-Caro, 114 F.3d 906, 907 (9th Cir.1997) (per curiam). Accordingly, sufficient evidence supports Udell's conviction.
 
 C
 
 12
 Udell contends that his counsel provided ineffective assistance by failing to make claims to Udell's seized property as requested and failing to raise a double jeopardy defense during his criminal proceeding.
 
 
 13
 Udell cannot support a claim of ineffective assistance of counsel for the administrative forfeiture matter because the protections of Strickland are not applicable to civil cases. Assuming, without deciding, that Udell's counsel was somehow deficient in failing to raise a double jeopardy defense during the criminal proceeding, such failure could not have prejudiced Udell's interests and cannot sustain a claim of ineffective assistance of counsel because civil forfeitures are neither punishment nor criminal for purposes of the Double Jeopardy Clause. See Ursery, 116 S.Ct. at 2149; United States v. Baramdyka, 95 F.3d 840, 845 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997).
 
 III
 
 14
 Udell contends that the district court abused its discretion by failing to conduct an evidentiary hearing. "To warrant an evidentiary hearing, a petitioner must make specific factual allegations which, if true, would entitle him to relief.' " United States v. Keller, 902 F.2d 1391 1395 (9th Cir.1990) (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982)). "[N]o blearing is required if the allegations, viewed against the record either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.' " Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989) quoting Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). As Udell's allegations do not entitle him to relief, the district court did not abuse its discretion by refusing to conduct an evidentiary hearing.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Udell filed his § 2255 motion before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, and therefore we evaluate his motion under the pre-amended version of the statute. Lindh v. Murphy, 117 S.Ct. 2059, 2061 (1997)
 
 
 [2]
 Section 1B1.3 of the United States Sentencing Guidelines was amended, effective November 1, 1989, to delete language pertaining to "state of mind" as unnecessary. The amendment also deleted references to harm committed "intentionally, recklessly or by criminal negligence." See U.S.S.G.App. C.40 p 76 (Nov.1989)