133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe Carlos DOMINGUEZ, Defendant-Appellant.
 No. 96-35764.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 11, 1997.**
Decided Jan. 7, 1998.
 
 Before CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Felipe Carlos Dominguez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Dominguez contends that his section 924(c) conviction, which was based on a co-conspirator theory of liability, was contrary to Bailey v. United States, 116 S.Ct. 501 (1995). Dominguez further contends that there was insufficient evidence to support his 924(c) conviction. We have jurisdiction under 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 I.
 FACTS AND PROCEDURAL HISTORY
 
 3
 In 1991, the police arrested Dominguez in a motel room as he was exchanging a kilogram of cocaine for $24,000 in cash with a government informant. The police also arrested Efrain Oseguera-Haros, who accompanied Dominguez into the motel room. A loaded .45 caliber handgun was found inside Oseguera-Haros's waistband. Although the police discovered five .357 magnum bullets in Dominguez's coat pockets, he was not carrying a firearm. A loaded .357 magnum handgun, however, was found inside the vehicle used by Dominguez and Oseguera-Haros to transport the cocaine to the motel.
 
 
 4
 Dominguez was tried by a jury and found guilty of conspiracy to distribute cocaine (Count 1), distribution of cocaine (Counts 2 and 3), and carrying a firearm during and in relation to the distribution offense charged in Count 3 (Count 4). The district court sentenced Dominguez to sixty-three months for the first three counts, and an additional sixty months, to be served consecutively, for Count 4. This court affirmed Dominguez's conviction in an unpublished memorandum opinion.
 
 
 5
 On March 25, 1996, Dominguez filed the instant motion pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction under Count 4 for carrying a firearm during and in relation to a drug trafficking offense. The magistrate judge issued a report and recommendation that the motion be denied. On June 14, 1996, the district court Entered an order adopting the magistrate judge's report, and denying Dominguez's section 2255 motion, as well as his motion for summary judgment. Dominguez timely appeals.
 
 
 6
 A district court's denial of a 28 U.S.C. § 2255 motion is reviewed de novo. See United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997).
 
 II.
 CO-CONSPIRATOR LIABILITY SURVIVES BAILEY
 
 7
 Dominguez contends that his conviction under 18 U.S.C. § 924(c) was improper because that section, as interpreted by Bailey requires "active employment" of a firearm and therefore does not encompass conspiracy liability under Pinkerton v. United States, 328 U.S. 640, 647-48 (1946) We specifically rejected this argument in United States v. Fonseca-Caro, 114 F.3d 906, 907 (9th Cir.1997) (per curiam) and held that "the Pinkerton doctrine is applicable to a § 924(c)(1) charge after Bailey." See id.[1]
 
 III.
 
 8
 SUBSTANTIAL EVIDENCE SUPPORTS DOMINGUEZ'S CONVICTION
 
 
 9
 Dominguez argues that his conviction under section 924(c), which was based on a conspiracy theory of liability, was not supported by sufficient evidence. We disagree.
 
 
 10
 On review for lack of sufficient evidence, the court seeks to determine whether, after viewing the evidence "in the light most favorable to the Government ... any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990) (internal quotations omitted). A conviction for conspiracy requires proof of "an agreement to accomplish an illegal objective" combined with "the intent to commit the underlying offense." See United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 (9th Cir.1997). An agreement can be inferred from "circumstantial evidence that the defendants acted together with a common goal." Id. (quoting United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986)).
 
 
 11
 A defendant may be convicted under section 924(c) when his co-conspirator violated that section "in furtherance of the conspiracy," the violation "fell within the scope of the unlawful project[,] and ... could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement." Fonseca-Caro, 114 F.3d at 908 (quoting United States v. Douglass, 780 F.2d 1472, 1475-76 (9th Cir. (1986).
 
 
 12
 The evidence was sufficient to support Dominguez's section 924(c) conviction based on his co-conspirator's conduct. At Dominguez's trial, Kenneth Dennis, a government informant, testified that Dominguez came with Oseguera-Haros to the motel room in order to sell Dennis a kilogram of cocaine. Dennis had purchased similar quantities of cocaine from Dominguez on numerous occasions. On one occasion, Dennis bought a kilogram of cocaine from Oseguera-Haros at Dominguez's apartment while Dominguez was present. Viewing this evidence in the light most favorable to the government, a rational jury could conclude beyond a reasonable doubt that Dominguez intended to distribute cocaine to Dennis and had formed an agreement to do so with Oseguera-Haros. See Iriarte-Ortega, 113 F.3d at 1024. see also Moore, 921 F.2d at 209.
 
 
 13
 Dennis further testified that when Oseguera-Haros entered the motel room with Dominguez, he appeared to secure the area by checking the bathroom for additional people and drawing the curtains. Construing this evidence in the light most favorable to the government, a rational jury could infer that Oseguera-Haros was carrying a loaded gun in order to provide Dominguez and himself with protection during the drug transaction, and therefore that Oseguera-Haros carried the gun "in furtherance of the conspiracy" and "within the scope of the unlawful project." See Fonseca-Caro, 114 F.3d at 908; see also Moore, 921 F.2d at 209. Finally, because Dominguez was involved in a drug conspiracy involving large amounts of cash, a rational jury could conclude that it was reasonably foreseeable that his co-conspirator would carry a firearm. See United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir.1989) (reasoning that co-conspirator's possession of firearm during cocaine sale was foreseeable because illegal drug trade is generally dangerous and violent). Moreover, the jury could have reasonably found that Dominguez foresaw Oseguera-Haros carrying a firearm because Dominguez was arrested with bullets in his pocket that belonged to a handgun Dominguez had left in the vehicle in which he and Oseguera-Haros used to travel to the motel room.
 
 
 14
 Accordingly, there was sufficient evidence for a rational jury to find that Dominguez violated 18 U.S.C. § 924(c) based on Oseguera-Haros's carrying a firearm. See Fonseca-Caro, 114 F.3d at 908.[2]
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Dominguez also argues that the district court's jury instruction on the section 924(c) count was improper because it relied on conspiracy liability. For the reasons discussed above, this instruction was not improper. See Fonseca-Caro, 114 F.3d at 907
 
 
 [2]
 Dominguez also argues that the district court erred by admitting evidence that the police seized pursuant to a consent to search form because the police induced Dominguez to sign that form by some sort of trickery. However, Dominguez is barred from raising this Fourth Amendment claim here because he had "a full and fair opportunity" to raise the issue on direct appeal. See United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980). Moreover, Dominguez failed to raise this issue before the district court in the underlying criminal case