**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rito ARZATE–PICASSO, aka Rito Arzante–Picasso aka Rito Arzote–Picasso, Defendant–Appellant.**

No. 00–50556.
D.C. No. CR–00–00011–DOC–05.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001.[1]

Decided Aug. 24, 2001.

Before CYNTHIA HOLCOMB HALL, MICHEL,[2] and TROTT, Circuit Judges.

### MEMORANDUM [3]

Defendant Rito Arzate–Picasso was convicted of, among other offenses, conspiracy to bring illegal aliens into the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A), (v)(I), and (a)(2)(B)(ii), and bringing illegal aliens into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). He appeals only his conviction for the substantive offense of bringing illegal aliens into the United States.

Arzate–Picasso argues that 8 U.S.C. § 1324(a)(2) requires that the defendant cross the international border with the illegal aliens. Because he did not physically accompany the illegal aliens across the

1. This panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

2. The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

border, Arzate–Picasso contends there was insufficient evidence to convict him of bringing illegal aliens into this country.

■ Under *Pinkerton v. United States,* 328 U.S. 640, 647–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), a defendant may be held liable for a substantive offense committed by a co-conspirator as long as (a) the offense occurred within the course of the conspiracy, (b) was within the scope of the agreement, and (c) could reasonably have been foreseen as a natural consequence of the unlawful agreement. "[A] conspirator is liable for all foreseeable substantive offenses committed in furtherance of the conspiracy." *United States v. Matta–Ballesteros,* 71 F.3d 754, 765 (9th Cir. 1995); *see also United States v. Fonseca–Caro,* 114 F.3d 906, 907 (9th Cir.1997); *United States v.. Aichele,* 941 F.2d 761, 764 (9th Cir.1991). Thus, Arzate–Picasso is liable for the substantive "bringing in" offense committed by his co-conspirators as long as the evidence is sufficient to establish his liability under *Pinkerton.*

■ Arzate–Picasso was convicted of conspiring to bring illegal aliens into the United States, and he does not challenge the sufficiency of the evidence supporting that conviction. Because the very object of the conspiracy was to bring illegal aliens into the United States, there was sufficient evidence to establish that Arzate–Picasso's co-conspirators brought the illegal aliens into the United states in furtherance of and within the scope of the conspiracy. Similarly, because the bringing of illegal aliens into the United States was the object of the conspiracy, there was sufficient evidence to establish that it was reasonably foreseeable to Arzate–Picasso that his co-conspirators would bring illegal aliens into the United States. Moreover, the evidence established that Arzate–Picasso met the illegal aliens near the border, directed them to a van, accompanied them over-

night and on a six-hour walk through the desert, then transported them to, and harbored them at, two safehouses, thus further demonstrating that it was reasonably foreseeable to Arzate–Picasso that his co-conspirators would bring illegal aliens to the United States. The evidence is sufficient to support his conviction.

Arzate–Picasso further argues, however, that the district court erred in answering "no" to the jury's question of whether Arzate–Picasso had to physically escort the aliens across the border to convict him of the "bringing in" offense. He contends the supplemental instruction was erroneous because a jury that applied the instruction would find him guilty of the substantive "bringing in" offense based solely on his conviction for conspiracy to bring in illegal aliens.

A district court errs when it instructs a jury, without more, "that any person who conspires to commit an offense ... is guilty of the offense, the commission of which was the object of the conspiracy." *United States v. Morfin,* 151 F.3d 1149, 1150 (9th Cir.1998). The court also must, at a minimum, instruct the jury that it may find the defendant guilty of a substantive offense on the basis of *Pinkerton* liability only if the government proves beyond a reasonable doubt that the offense "could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement." *United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1203 (9th Cir.2000).

In the instant case, the district court's original jury instructions made clear that in order to convict Arzate–Picasso of a substantive "bringing in" offense, the offense must have occurred within the course of the conspiracy, must have been within the scope of the agreement, and could reasonably have been foreseen as a natural consequence of the unlawful agree-

ment. Indeed, Arzate–Picasso agreed to the court's *Pinkerton* instruction. The court's supplemental instruction given in response to the jury's question did not change its initial, correct *Pinkerton* instruction. The supplemental instruction merely recognized the unremarkable proposition that a defendant need not be physically present at the commission of an offense to be convicted of the substantive offense under a *Pinkerton* theory of liability. *See, e.g., United States v. Fonseca–Caro,* 114 F.3d 906, 907 (9th Cir.1997); *United States v. Diaz,* 248 F.3d 1065, 1100 (11th Cir.2001) (noting that "a person not present when the offense was committed" may be found guilty of violating § 924(c) as long as "the carrying or using of a firearm by a coconspirator is a reasonably foreseeable action of the conspiracy"). There was no danger (and no implication) that the jury could find Arzate–Picasso guilty of the substantive "bringing in" offense based on his participation in the "bringing in" conspiracy. The court's supplemental jury instruction therefore was not erroneous.

Accordingly, Arzate–Picasso's conviction is AFFIRMED.