**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesse Ray GOFF, Defendant—
Appellant.**

No. 01–10479.

D.C. No. CR–99–00108–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Dec. 17, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BERZON, TALLMAN and CLIFTON, Circuit Judges.

MEMORANDUM \*\*

Jessie Ray Goff appeals his conviction for carrying a firearm during and in relation to a drug trafficking crime in violation of 28 U.S.C. § 924(c)(1). We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The jury was properly instructed that Goff was responsible for the reasonably foreseeable actions of his coconspirators, including coconspirator Henry Bretton Reed. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *see also United States v. Fonseca–Caro*, 114 F.3d 906, 907 (9th Cir.1997) (holding that a § 924(c)(1) conviction can be sustained under a *Pinkerton* theory).

The government introduced sufficient evidence from which a jury could conclude that either Goff or Reed carried a firearm during and in relation to a drug trafficking crime. When Reed was arrested and removed from his black El Camino car after the attempted drug sale, government agents discovered that Reed had been sitting on a .40 caliber Beretta. Goff's statements later confirmed that Reed owned the Beretta. Goff drove the El Camino to the crime scene shortly before Reed occupied the car and attempted the drug sale. A jury could reasonably infer that either Goff or Reed "carried" the gun to the drug sale. That is, either (1) Goff placed the gun on the seat after driving to the crime scene but before existing the car; (2) Goff drove to the crime scene while sitting on the gun; or (3) Reed placed the gun on the car seat after entering the car.

Any possibility leads to the conclusion that Goff violated § 924(c)(1). If Goff placed the gun on the seat of the El Camino, Goff's movement of the gun constitutes "carrying" a gun pursuant to § 924(c)(1). *Muscarello v. United States*, 524 U.S. 125, 128, 130, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) ("carrying" includes to "move while supporting"). If Goff drove to the crime scene while sitting on the gun, then he knowingly (as one would surely notice the fact that one sat on a gun) transported the

gun in the car and therefore "carried" it. *Id.* at 132. Under either of these two scenarios, Goff directly violated § 924(c)(1).

Alternatively, if Reed placed the gun on the seat of the El Camino, Reed violated § 924(c)(1). Goff is liable for Reed's violation because Reed's decision to bring a gun to a high value drug sale was an action taken within the scope of and in furtherance of the conspiracy, *Fonseca–Caro*, 114 F.3d at 908, and was reasonably foreseeable, *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1204–1205 (9th Cir.2000). Indeed, in statements to the police, Goff admitted knowledge of Reed's gun.

For the reasons stated the conviction is **AFFIRMED.**

