UNITED STATES of America,
Plaintiff–Appellee,

v.

Katherine Elizabeth GONZALEZ, aka
Katherine Elizabeth Paiz,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Luis Alberto Gonzalez, Defendant–
Appellant.

United States of America,
Plaintiff–Appellant,

v.

Luis Alberto Gonzalez, Defendant–
Appellee.

Nos. 08–10118, 08–10121, 08–10144.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2009.

Filed June 30, 2009.

stances enumerated in ¶ 3(B) and, as already discussed, ¶ 3(A) does not apply.

Laurie K. Gray, Esquire, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Katherine Alfieri, Esquire, Law Office of Katherine Alfieri, San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER, REINHARDT and RYMER, Circuit Judges.

## MEMORANDUM *

These consolidated appeals arise from the prosecution of Katherine Paiz Gonzalez ("Paiz") and her husband Luis Gonzalez ("Gonzalez") for insurance fraud, conspiracy to commit insurance fraud, and arson. Paiz appeals her conviction on the arson count. Gonzalez appeals the denial of his motion to suppress his confession and the district court's calculation of his sentence under the Guidelines, which the Government also challenges on cross-appeal. We affirm both convictions, but reverse Gonzalez's sentence and remand for resentencing.

■ Paiz's central claim is that her conviction for arson should be reversed because the doctrine of vicarious conspiracy liability set forth in *Pinkerton v. United*

States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), does not apply to the federal arson statute, which makes it a crime to "use[ ] fire or an explosive to commit any felony which may be prosecuted in a court of the United States." 18 U.S.C. § 844(h)(1). She argues that *Pinkerton* does not apply because the word "uses" in the phrase "uses fire," *id.*, requires "actual knowledge" on the part of the person using fire that he was doing so. This is true with respect to the "use" element when prosecuted under a theory of *direct* liability. However, as this court made clear in *United States v. Fonseca–Caro*, 114 F.3d 906, 907 (9th Cir.1997) (per curiam), the fact that actual knowledge is required for someone to "use" fire, or in that case to use a firearm, does not foreclose the government from prosecuting a *co-conspirator* of the person who actually used fire under *Pinkerton*'s theory of vicarious conspiracy liability.

> To establish *Pinkerton* liability, the prosecution must demonstrate "(1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could *reasonably have been foreseen* as a necessary or natural consequence of the unlawful agreement."

*Id.* at 908 (emphasis added) (quoting *United States v. Douglass*, 780 F.2d 1472, 1475–76 (9th Cir.1986)). Here, the Government introduced sufficient evidence to satisfy each of the elements set forth above, including sufficient evidence that the use of fire by Paiz's co-conspirator was reasonably foreseeable.[1]

---

* This disposition is not appropriate * for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Paiz also argues in two sentences of her opening brief that she was denied a public trial because the district court excluded her recently convicted co-defendant husband and infant child from the courtroom during her trial. This contention has no merit. Gonzalez was a potential witness in Paiz's case and was therefore properly excludable under Fed. R.Evid. 615. The exclusion of the infant was not a violation of the public-trial right either. *See, e.g., United States v. Sherlock*, 962 F.2d

■ Turning to Gonzalez's conviction, Gonzalez asserts that the introduction into evidence of his confession violated *Miranda v. Arizona* because he was never informed during the course of his interview with two FBI Agents of his right to remain silent. The district court concluded that *Miranda* did not apply because Gonzalez was not in custody. We agree. The record reflects that Gonzalez was informed multiple times by the agents that he was not in custody and was free to leave. Indeed, even after he confessed Gonzalez was not taken into custody but was instead allowed to go home freely. "Being aware of the freedom to depart, and in fact departing after questioning at a law enforcement office, suggests that the questioning was noncustodial." *United States v. Crawford,* 372 F.3d 1048, 1059–60 (9th Cir.2004) (en banc) (questioning in "an admittedly 'coercive environment,' ... does not amount to custodial interrogation where, as here, the suspect is told that he is not under arrest and is free to leave, and he does in fact leave without hindrance."). Other aspects of Gonzalez's questioning were not so coercive as to negate the agents' clear statement that he was free to leave.

■ Gonzalez also raises multiple challenges to the procedural validity of his sentence. Procedural error occurs if "a district court ... fail[s] to calculate—or ... calculate[s] incorrectly—the Guidelines range [or] ... choose[s] a sentence based on clearly erroneous facts." *United States*

*v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). "[A] procedurally erroneous ... sentence will be set aside." *Id.* We conclude that the district court committed procedural error by incorrectly applying two separate enhancements under the Guidelines.[2] First, we conclude that the district court's determination that Gonzalez "was an organizer, leader, manager, or supervisor" of others involved in the arson was clearly erroneous. U.S.S.G. § 3B1.1(c). "For an increase under section 3B1.1 to be appropriate, there .... must be evidence that the defendant exercised some *control* over others involved in the commission of the offense [or was] *responsible* for *organizing* others for the purpose of carrying out the crime." *United States v. Harper,* 33 F.3d 1143, 1150–51 (9th Cir.1994) (alteration in original) (emphases added) (internal quotation marks omitted). We agree with the district court that the evidence supports the conclusion that a third, unidentified individual likely drove Gonzalez home from the field near Byron Airport where the arson was committed. However, there is no evidence in the record to support the conclusion that Gonzalez "exercised some control over" that individual "for the purpose of carrying out the crime." *Id.* Rather, it is equally likely that Gonzalez simply called a friend and asked "can you pick me up at the airport?" Such a friend may not have even been aware of the preceding arson. Given the facts in the record, it was clearly erroneous to apply the § 3B1.1 enhancement.[3]

---

1349, 1357 (9th Cir.1989); *see also United States v. Perry,* 479 F.3d 885, 888–91 (D.C.Cir. 2007).

2. Having concluded that no *Miranda* violation occurred, we do not believe it was clearly erroneous for the district court to conclude, based on Gonzalez's confession, that Gonzalez personally committed the arson at issue. As Gonzalez acknowledges, we are bound by circuit precedent to hold that a district court may rely on acquitted conduct to enhance a

sentence. *United States v. Mercado,* 474 F.3d 654, 657–58 (9th Cir.2007). The application of the arson cross reference, U.S.S.G. § 2B1.1(c)(2), was therefore proper.

3. The district court held "that the wife and the husband were both managers and the third person was their helper." Thus, the enhancement cannot be affirmed on the alternative theory that Gonzalez "exercised some control over" Paiz.

■ We also conclude that it was error to apply an obstruction of justice enhancement under U.S.S.G. § 3C1.1 on the theory that by calling an alibi witness, Raul Perez, Gonzalez suborned perjury. In applying U.S.S.G. § 3C1.1, "it is 'preferable for a district court to address each element of the alleged [subornation of] perjury in a separate and clear finding,' [but] ... it is sufficient if the finding 'encompasses *all of the factual predicates* for a finding of [subornation of] perjury.'" *United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002) (emphasis added) (quoting *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)). As we explained in *Jimenez*, "The requirement that a trial court 'make findings to support all the elements of a perjury violation' with 'specificity' is a procedural safeguard designed to prevent punishing a defendant for exercising h[is] constitutional right to testify." *Id.* at 1171 (quoting *Dunnigan*, 507 U.S. at 96–98, 113 S.Ct. 1111). The parallel need to safeguard a defendant's constitutional right to call *other* witnesses in his defense, *see* U.S. CONST. amd. VI, requires a trial court to make all of the findings to support the elements of a subornation of perjury violation "with specificity." Thus, "to be adequate, the district court's findings must [ (1) ] identify false testimony concerning a *material* matter, [ (2) ] indicate the witness testified *with willful intent* to provide false testimony, and [ (3) ] indicate the defendant procured the witness's testimony." *United States v. Johnson*, 352 F.3d 146, 148 (5th Cir.2003) (emphases added); *cf. Catrino v. United States*, 176 F.2d 884, 886–87 (9th Cir.1949). We have previously overruled a district court's application of the § 3C1.1 perjury enhancement where the district court's finding did not "expressly" show that the false testimony was "material." *Jimenez*, 300 F.3d at 1171. Here, the court's findings of fact do not include any finding with respect to the requirement that Perez's testimony was material or that Perez *willfully* perjured himself. Absent such "express" findings, the application of the § 3C1.1 enhancement was in error.

Finally, turning to the Government's cross-appeal respecting the scope of the term "conceal" in U.S.S.G. § 2K1.4(b)(1), we affirm the district court's decision not to apply that enhancement here for the reasons stated by the district court.

We **AFFIRM** the judgments of conviction, **REVERSE** Gonzalez's sentence, and **REMAND** for resentencing.