
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30304 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00034-RRB-2 |
| v. | |
| JARED THOMAS BOWERS, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30305 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00034-RRB-1 |
| v. | |
| CHRISTOPHER THOMAS MEJIA, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 12, 2015
Anchorage, Alaska

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

**1.** The government introduced sufficient evidence to support Bowers' and Mejia's convictions for conspiracy to possess heroin with intent to distribute, attempted possession of heroin with intent to distribute, and use of a firearm in connection with a drug trafficking offense.

With respect to the conspiracy charge, the evidence presented at trial proved more than mere buyer-seller relationships among the key players. Viewed in the light most favorable to the government, the evidence linked Bowers to the telephone number that Marmolejos called whenever he had questions about a sale. Bowers drove Marmolejos to at least one drug deal; after a second, Marmolejos went to Bowers' home; and after a third, Marmolejos went to a restaurant where Bowers' car was parked. A reasonable jury could have inferred that Bowers was not merely selling to Marmolejos but instead was directing Marmolejos' activities. As for Mejia, a reasonable jury could have concluded that Marmolejos' statements about Mejia as a possible source, the 161 calls from Mejia to a telephone number associated with Bowers, and Mejia's facilitation of a large drug deal with Bowers and a third party showed that the three participants were co-conspirators, not merely associates.

The government also presented sufficient evidence for a reasonable jury to convict both defendants of the attempt charge. Bowers and Mejia were arrested shortly after arriving at the location of a pre-arranged drug deal with close to enough cash on hand to consummate the deal.

Finally, the government presented sufficient evidence to convict both Bowers and Mejia of the firearm offense. A reasonable jury could have found that either Bowers or Mejia possessed the gun found in the car and that the other was responsible through principles of *Pinkerton* liability. *See United States v. Fonseca-Caro*, 114 F.3d 906, 907–08 (9th Cir. 1997) (per curiam).

**2.** The jury instructions given at trial adequately covered the defense's theory of the case. A multiple conspiracies instruction was not warranted, as the actions of the conspirators in evidence could be traced to an overall agreement among them. *See United States v. Fernandez*, 388 F.3d 1199, 1248 n.34 (9th Cir. 2004). The district court did not abuse its discretion in concluding that the standard conspiracy instruction, modified to specify that the co-conspirators must have intended to distribute "to another," sufficed to clarify that a buyer-seller relationship was insufficient.

**3.** The district court did not abuse its discretion in admitting Marmolejos' statements through Officer Peronto's testimony. As detailed above, the

government presented sufficient independent evidence of a conspiracy among Bowers, Mejia, and Marmolejos. Marmolejos' statements were made during the course of the conspiracy, and Mejia's arrest occurring before some of those statements were made does not change that fact. *See United States v. Taylor*, 802 F.2d 1108, 1117 (9th Cir. 1986). Finally, the district court did not clearly err in finding that Marmolejos' statements furthered the conspiracy. For example, the statements made on February 26, 2013, could have helped Marmolejos win Peronto's confidence in order to complete another drug deal.

4. The district court did not abuse its discretion by refusing to declare a mistrial after Peronto testified that a digital scale had been found on Bowers. The prosecution withdrew the offending testimony immediately, and the district court gave a forceful curative instruction. The jury heard extensive evidence linking Bowers to the drug trade, including the fact that Bowers was arrested shortly before consummating a major drug deal with a gun and tens of thousands of dollars in cash. The testimony about the digital scale did not impermissibly taint the entire trial.

5. We also reject Bowers' challenges to his sentence. The district court did not clearly err in giving Bowers a two-level leadership enhancement under U.S.S.G. § 3B1.1(c), as the evidence presented at trial suggested that Bowers

directed Marmolejos' activities.  The evidence also supported attributing at least 550 grams of heroin to Bowers—the amount sold to Peronto by Marmolejos and the amount Mejia and Bowers had arranged to buy from the confidential source. Any error in attributing the remaining drug quantities to Bowers was harmless.  *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam).  Bowers' sentence of 84 months on the drug offenses would have been a downward departure even under a Guidelines calculation that excluded those quantities, *see* U.S.S.G. ch. 5, pt. A (Sentencing Table) (2013), and the district court explained the chosen sentence adequately, noting that he was giving Bowers a sentence that was "just punishment considering the totality of the circumstances" as well as "sufficient but not greater than necessary to satisfy the sentencing goals."

**AFFIRMED.**