**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10068 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00003-GEB-1 |
| v. | |
| PAUL LELAND JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted June 10, 2019
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAYES,[**] District Judge.

Paul Johnson appeals his conviction and sentence for two counts of making a false statement in violation of 18 U.S.C. § 1001. Johnson made the statements for which he was convicted as part of an arson investigation. After applying an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

arson cross-reference and adding enhancements for obstructing justice and endangering the public under the Sentencing Guidelines, the district court imposed a 41-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Sufficient evidence supports Johnson's false-statement convictions. Johnson first told investigators: "I called dispatch to report that my vehicle was fully engulfed . . . [a] member of the public *then* pulled up." (emphasis added). Johnson later revised his statement, telling investigators that after members of the public pulled up he told them he "would call for help," not that he had already done so. Neither statement was true: Johnson did not call for help before members of the public arrived, nor did he tell them that he would call for help. A reasonable juror could conclude that Johnson made these statements to mislead investigators and obfuscate the timeline of events, diverting suspicion from him. *See, e.g.*, *United States v. Service Deli, Inc.*, 151 F.3d 938, 941 (9th Cir. 1998) ("[T]he materiality requirement of a § 1001 violation is satisfied if the statement is *capable* of influencing or affecting a federal agency.") (original emphasis); *United States v. Selby*, 557 F. 3d 968, 978 (9th Cir. 2009) (finding that the defendant acts willfully if "the false statement [is made] under circumstances that support a reasonable inference that she knew it was false").

2. The district court did not abuse its discretion in applying the arson cross-

2

reference.  Although the jury did not reach a verdict on Johnson's arson charge, at sentencing the district court concluded that Johnson's crime "involved" arson such that the Sentencing Guideline's arson cross-reference should apply.  U.S.S.G. §§ 2B1.1(c)(2), 2K1.4(a)(3).  In applying the cross-reference, the district court relied on the following evidence: Johnson parked his U.S. Forest Service truck against the tree line and on top of forest debris; pine needles from the burn site were stuffed between the truck's engine and transmission; open flame ignition caused the truck fire; Johnson—a trained firefighter with access to an extinguisher—did not attempt to subdue the fire; Johnson initially did not call for emergency services; and Johnson provided investigators inconsistent accounts of relevant events.  The district court did not clearly err because the evidence was sufficient to find by clear and convincing evidence that Johnson had committed the crime of arson.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (explaining that district court's factual findings are reviewed for clear error). Thus, the district court's application of the arson cross-reference was proper.  *See United States v. Gonzalez*, 336 F. App'x 701, 703 n.2 (9th Cir. 2009) (affirming application of arson reference where jury acquitted defendant of arson); *United States v. Hopper*, 177 F.3d 824, 832–33 (9th Cir. 1999) (observing that a court may consider acquitted conduct in its sentencing calculations if it finds that the government proved the conduct by a preponderance of the evidence (or, where

3

required, by clear and convincing evidence)).

Nor did application of the cross-reference violate the Sixth Amendment. *See United States v. Treadwell*, 593 F.3d 990, 1017 (9th Cir. 2010) (holding that a sentence that rests on a judge-made finding does not violate the Sixth Amendment if the sentence falls within the statutory maximum authorized by the jury's verdict). Johnson's 41-month sentence falls below the ten-year maximum he faced for his false-statement convictions. 18 U.S.C. § 1001.

3. The district court did not abuse its discretion in finding that Johnson's "offense . . . endangered . . . a place of public use[.]" U.S.S.G. § 2K1.4(a)(2); *see Gasca-Ruiz*, 852 F.3d at 1170 (application of the guidelines is reviewed for abuse of discretion). In applying the enhancement, the district court relied on evidence that Johnson set fire to his U.S. Forest Service truck, which he parked against the tree line on the National Forest's Mormon Emigrant Trail; that the fire spread beyond the truck into the nearby wildland; and that firefighters on scene reported that the burning truck created an "immediate threat to the wildland." *See United States v. Holmes*, 646 F.3d 659, 662 (9th Cir. 2011) ("Endangering means putting the property at risk but resulting in no actual damage, or damage that is less than destruction.").

4. The district court did not abuse its discretion in applying a two-level enhancement for obstructing justice in violation of U.S.S.G. § 3C1.1. Applying

this enhancement to a criminal defendant's trial testimony raises the risk of undermining the defendant's constitutional right to testify on his own behalf. *See United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). To mitigate this risk, a "district court applying the enhancement based on perjury must expressly find that '(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent.'" *United States v. Johnson*, 812 F.3d 757, 761 (9th Cir. 2016) (quoting *Castro-Ponce*, 770 F.3d at 822). Here, the district court adopted the Probation Office's Presentence Investigation Report, which found that Johnson committed perjury during his testimony at trial, and expressly rejected Johnson's argument that his testimony was not willfully false. The district court therefore made all findings necessary to trigger the enhancement. *See United States v. Taylor*, 749 F.3d 842, 848 (9th Cir. 2014) (finding that the district court did not err in failing to make a specific finding of perjury where it made sufficient findings that the defendant acted willfully).

**AFFIRMED.**