**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15097 |
| Plaintiff-Appellee, | DC Nos. 2:16 cv-1448 RCJ |
| v. | 2:06 cr-0239 RCJ |
| HARLON B. JORDAN, AKA Harlan Brett Jordan, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15100 |
| Plaintiff-Appellee, | DC Nos. 2:16 cv-1454 RCJ |
| v. | 2:06 cr-0239 RCJ |
| DOMINIC A. DAVIS, AKA Dominic Anthony Davis, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 17, 2020[]
San Francisco, California

Before:    TASHIMA and HURWITZ, Circuit Judges, and MARSHALL,[***] District Judge.

In these consolidated appeals, Harlon Jordan and Dominic Davis appeal the order of the district court denying their motions under 28 U.S.C. § 2255 to set aside their 18 U.S.C. § 924(c) convictions in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).  We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and we affirm.

**1.**    We reject the defendants' contention that the alternative-theory instructional error at issue should be evaluated under the modified categorical approach—reviewing only the charging papers, jury instructions, and verdict to determine whether their convictions necessarily rested on a valid theory of guilt. Rather, "a reviewing court finding such error should ask whether the flaw in the instructions 'had substantial and injurious effect or influence in determining the jury's verdict.'"  *Hedgpeth v. Pulido,* 555 U.S. 57, 58 (2008) (per curiam)

---

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

(quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). This prejudice inquiry "must encompass 'the record as a whole.'" *Pulido v. Chrones*, 629 F.3d 1007, 1016 (9th Cir. 2010) (quoting *Hedgpeth*, 555 U.S. at 62 n.*). The modified categorical approach applies "when a defendant was convicted of violating a divisible statute," *Descamps v. United States*, 570 U.S. 254, 263 (2013)—something that did not occur here. Accordingly, we review the error for harmlessness under *Hedgpeth*.

**2.** Under our case law, an alternative-theory instructional error is harmless if "we can discern with reasonable probability that the jury . . . convicted [the defendants] on a valid . . . theory," or "it is reasonably probable that the jury would still have convicted the petitioner on the proper instructions." *Babb v. Lozowsky*, 719 F.3d 1019, 1034 (9th Cir. 2013), *overruled on other grounds as stated in Moore v. Helling*, 763 F.3d 1011, 1021 (9th Cir. 2014); *see also Smith v. Baker*, 960 F.3d 522, 544 (9th Cir. 2020).[1]

Here, the instructional error was harmless because a properly instructed jury almost certainly would have convicted the defendants of the § 924(c) offense charged in Count 3. The jury found each of the defendants guilty of armed bank

---

[1]  In light of *Neder v. United States*, 527 U.S. 1, 17, 19 (1999), we reject the defendants' contention that applying harmless error review in this manner violates their Sixth Amendment right to trial by jury.

robbery, which required the jury to conclude either that each defendant personally employed a firearm during the robbery or aided and abetted a co-defendant in doing so. Thus, it is difficult to see how a jury could have failed to find each defendant guilty on Count 3, especially in light of the district court's *Pinkerton* instruction.[2]

The government's theory of the case, as reflected in closing arguments, was that all three defendants personally participated in the robbery inside the bank; the evidence showed that these three masked robbers brandished weapons during the robbery. Kurt Myrie, who was charged with the same offenses as Davis and Jordan, pleaded guilty and testified for the defense that he committed the crime with two others, but not Jordan and Davis. The defense theory, based on Myrie's testimony, was not that some of the robbers did not brandish weapons, but that Jordan and Davis were not involved at all. By finding Jordan and Davis guilty on Counts 1 and 2, the jury necessarily rejected Myrie's testimony and the defense theory that Jordan and Davis were not personally involved in the robbery. Under these circumstances, we have no doubt that a properly instructed jury would have

---

[2] "Under *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946), a co-conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy." *United States v. Fonseca-Caro*, 114 F.3d 906, 907 (9th Cir. 1997) (per curiam).

found the defendants guilty on the § 924(c) charge. Accordingly, the alternative-theory instructional error did not have "substantial and injurious effect or influence in determining the jury's verdict." *Hedgpeth*, 555 U.S. at 58 (quoting *Brecht*, 507 U.S. at 623).

**3.**     As the defendants acknowledge, their contentions that federal armed bank robbery does not qualify as a crime of violence under the elements clause, 18 U.S.C. § 924(c)(3)(A), are foreclosed by *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (per curiam).

**AFFIRMED.**