**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Catarino MORFIN, a.k.a. Katarino Morfin, Defendant–Appellant.**

No. 97–30102.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 1998.[1]

Decided July 20, 1998.

R.App. P. 34(a); 9th Cir. R. 34–4.

Thomas D. Nagle, Yakima, Washington, for defendant-appellant.

Robert A. Ellis, Assistant United States Attorney, for plaintiff-appellee.

Before: REINHARDT, THOMPSON and LEAVY, Circuit Judges.

PER CURIAM:

Catarino Morfin appeals his jury conviction for conspiracy to distribute a controlled substance, methamphetamine, and for distribution of a controlled substance, methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). He seeks reversal of the distribution count on the basis of jury instruction error and of the conspiracy count on insufficiency of the evidence. We affirm.

## I. IMPROPER JURY INSTRUCTION

Morfin contends that one of the jury instructions was improper because, under it, the jury could have convicted Morfin of the distribution count simply by virtue of having found him guilty of the conspiracy count. The language Morfin objects to reads:

> The laws of the United States provide in pertinent part that any person who conspires to commit an offense in violation of the United States, is guilty of the offense, the commission of which was the object of the conspiracy.

The laws of the United States provide that it is unlawful for any person to knowingly distribute methamphetamine.

■ Because Morfin did not challenge the instruction, we review for plain error. *See United States v. Bracy*, 67 F.3d 1421, 1431 (9th Cir.1995). Under the plain error test:

[B]efore an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."

*Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997) (citations omitted) (alterations in original). "Allegedly confusing jury instructions are reviewed in the context of the entire trial to determine whether they were misleading or inadequate to guide the jury's deliberations." *See United States v. Montgomery*, No. 97–30142, 1998 WL 379064, slip op. 4715, 4739 (9th Cir. July 9, 1998) (internal quotations omitted).

■ We conclude that the instruction is erroneous, but that in the context of this case it did not constitute plain error. A plain reading of the challenged instruction demonstrates that it contains an incorrect statement of the law. A jury that applied the instruction as written would find a defendant it convicted of the conspiracy charge ("any person who conspires to commit an offense"), guilty of the substantive charge as well ("is guilty of the offense, the commission of which was the object of the conspiracy"). Thus, the instruction is unquestionably erroneous on its face. *See Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) ("the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses"). Even viewing the erroneous instruction in the context of the other instructions, it clearly could mislead a jury. *See United States v. Marin–Cuevas*, 147 F.3d 889 (9th Cir.1998) (a jury instruction must be viewed in the context of the instructions as a whole). Accordingly, we conclude that there was "error" by the

district court in giving the challenged instruction to the jury, and, furthermore, that the second part of the plain error test was met: the error was "plain." *See Johnson*, 520 U.S. at ——, 117 S.Ct. at 1549.

■ However, the error does not meet the third part of the "plain error" test. *See id.* Because the direct and circumstantial evidence against Morfin was overwhelming, we are unable to conclude that the error "affect[ed][his] substantial rights." *See id.; Montgomery*, No. 97–30142, 1998 WL 379064, slip op. at 4739. The evidence presented at trial included a videotape that showed Morfin carrying a bag that contained methamphetamine into a hotel room where a "buy" had been arranged by an undercover agent, and Morfin's complete lack of surprise, shock, or dismay, when the agent opened the bag in front of him and his co-conspirator. The videotape also showed Morfin engaging in lighthearted banter with the undercover agent about whether Morfin had "just made" the methamphetamine in the bag. Additionally, there was evidence that Morfin had made comments to a paid informant, prior to the drug transaction in the hotel room, that the informant had "better not be setting up his sister (and co-conspirator)." This and other evidence leaves us with no doubt that the error did not affect the jury's verdict, and thus did not affect the defendant's substantial rights.

## II. SUFFICIENCY OF THE EVIDENCE

■ In order to determine whether the evidence was sufficient, we must decide whether, viewing it in the light most favorable to the prosecution, a trier of fact could properly have found the essential elements of the crime beyond a reasonable doubt. *United States v. Reyes–Alvarado*, 963 F.2d 1184, 1187 (9th Cir.1992). Moreover, because Morfin failed to move for judgment of acquittal at the close of his case we review his sufficiency of the evidence argument for plain error. *See United States v. Winslow*, 962 F.2d 845, 850 (9th Cir.1992).

■ There is no need to discuss at length Morfin's contention that the evidence was insufficient to sustain the conspiracy convic-

**1152**

tion. Any fair examination of the evidence reveals that it was more than sufficient to support that conviction. *See United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir.) (recognizing that a conspiracy may be proven by circumstantial evidence that the defendants acted together with a common goal), *amended by,* 127 F.3d 1200 (9th Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 1209, 140 L.Ed.2d 330 (1998). Accordingly, we discern no plain error. *See Winslow,* 962 F.2d at 850 (9th Cir.1992).

### III.  CONCLUSION

Based on the foregoing, we conclude that although the challenged instruction was erroneous, the error did not substantially affect Morfin's rights. Accordingly, we affirm Morfin's conviction on the distribution count. We also conclude that the evidence was sufficient to support his conspiracy conviction.

**AFFIRMED.**