**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John L. CALVERT, Defendant—**
**Appellant.**

No. 00–30288, 01–30269.
D.C. No. CR–99–00154–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002 *.

Decided Oct. 9, 2002.

Before FERGUSON, FISHER and
TALLMAN, Circuit Judges.

MEMORANDUM **

Appellant John Calvert raises three issues on appeal. First, Appellant contends his conviction for use of a firearm in a crime of violence, 18 U.S.C. § 924, is barred by the Double Jeopardy Clause of the Fifth Amendment. Second, Appellant argues his conviction is not supported by sufficient evidence. Finally, Appellant maintains the district court applied a four level enhancement to his sentence contrary

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to U.S.S.G. § 2K2.4 n. 2. We have jurisdiction under 28 U.S.C. § 1291. We affirm the judgment of conviction but vacate the sentence and remand for resentencing without the four-level enhancement.

Because the parties are familiar with the factual background, we do not recite the details here.

## I.

We review the district court's denial of a motion to dismiss on double jeopardy grounds de novo. *United States v. James,* 109 F.3d 597, 599 (9th Cir.1997).

The law is well-settled that the federal and state governments are separate sovereigns. *See Heath v. Alabama,* 474 U.S. 82, 89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *M'Culloch v. Maryland,* 4 Wheat. 316, 17 U.S. 316, 326, 4 L.Ed. 579 (1819) (noting the division of sovereignty between the state and federal governments). Consequently, the federal government may bring a successive prosecution on the same underlying conduct that resulted in the state prosecution. *See United States v. Koon,* 34 F.3d 1416, 1438 (9th Cir.1994), *rev'd in part on other grounds,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Under the exception in *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the accused may wage a successful double jeopardy challenge if "the subsequent prosecuting entity is a 'tool' for the first, or the proceeding is a 'sham,' done at the behest of the prior authority." *Koon,* 34 F.3d at 1439.

■ In this case, Appellant has failed to point out any facts that would suggest the federal prosecution was a sham. Appellant notes that an FBI agent participated in the state trial and exchanged documents and information with the prosecutor. Appellant further notes that the federal government used much of the same evidence developed by the state, and that the federal government did not indict Appellant until after the his state conviction. Taken on their face, however, these observations are not sufficient to suggest that the federal prosecution was a sham or that the federal government acted as a mere tool of the state. At most, Appellant complains of some cooperation between federal and state authorities. The district court correctly denied Appellant's motion to dismiss Count Three of the indictment.[1]

## II.

In determining whether a conviction is supported by sufficient evidence, the standard of review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt viewing the evidence in the light most favorable to the prosecution. *See, e.g. United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998). Because Appellant failed to move for judgment of acquittal at the close of his case, we review for plain error. *Id.*

■ A conspiracy may be inferred from circumstantial evidence. *See, e.g., United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991). "Evidence of even a slight connection, if proven beyond a reasonable doubt, is sufficient to convict a defendant of knowingly participating in an established conspiracy." *Id.* In this case, when the evidence is fairly viewed in its totality,

---

1. Because we hold the *Bartkus* exception inapplicable, we need not consider the applicability of the *Blockburger* test to determine whether or not Appellant was actually prosecuted twice for the same offense. *See United* States v. Dixon, 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (reaffirming the *Blockburger* test); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

there was sufficient evidence of Appellant's involvement in the conspiracy.

The evidence also supports the jury verdicts on the substantive offenses committed in the course of the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640, 647–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Lewis,* 787 F.2d 1318, 1323–24 (9th Cir.1986).

### III.

The government concedes that the district court erroneously imposed a four level increase in the Appellant's base offense level for Count Four, Felon in Possession of a Firearm.

■ Application Note 2 of U.S.S.G. § 2K2.4 controls. Appellant was convicted under 18 U.S.C. § 924(c) for use of a firearm in a crime of violence. (Count Three). Consequently, under Application Note 2, Appellant was not subject to a sentence enhancement for Count Four. U.S.S.G. § 2K2.4 n. 2 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense"). The district court therefore erred by applying the § 2K2.1(b)(5) enhancement to Appellant's conviction under Count Four of the indictment.

The district court's judgment of conviction is affirmed, but the sentence is vacated and remanded for resentencing without the four level enhancement applied to Count Four.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

AFFIRMED in part; REVERSED in part; and REMANDED.