**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Phuoc Xuan NGO, Defendant— Appellant.**

No. 03–10449.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided June 7, 2005.

Kirby A. Heller, Esq., Department of Justice, Washington, DC, for Plaintiff–Appellee.

Warrington Parker, III, Esq., Heller, Ehrman, White & McAuliffe, LLP, San Francisco, CA, for Defendant–Appellant.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM [*]

Defendant–Appellant Phuoc Xuan Ngo appeals his convictions for conspiring to transport stolen goods in interstate commerce in violation of 18 U.S.C. §§ 371, 2314 (Count I), conspiring to obstruct commerce by robbery in violation of 18 U.S.C. §§ 371, 1951(a) (Count II), and using firearms during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c) (Count III). He also appeals the resulting sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part and remand in part. Because the parties are familiar with the factual and procedural history, we do not repeat it here except to the extent necessary for our disposition.

### I.

### A.

Although Ngo does not contest the existence of the conspiracies to transport stolen goods in interstate commerce and to obstruct commerce by robbery, Ngo does contend that the evidence at trial was insufficient to prove beyond a reasonable doubt the requisite "slight connection" between him and these conspiracies. *See United States v. Castro,* 972 F.2d 1107, 1110 (9th Cir.1992), *overruled on other grounds by United States v. Recio,* 537 U.S. 270, 123 S.Ct. 819, 154 L.Ed.2d 744 (2003). Accordingly, Ngo contends that the district court erred in denying his motion for judgment of acquittal as to Counts I and II. We review *de novo* a district court's denial of a motion for judgment of acquittal. *United States v. Gonzalez–Torres,* 309 F.3d 594, 598 (9th Cir.2002). In so doing, "we review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

To have proven Ngo's "slight connection" to these conspiracies, the government need only have proven his "willful participation in the illegal objective with the intent to further some purpose of the conspiracy." *United States v. Skillman,* 922 F.2d 1370, 1373 (9th Cir.1990). We con-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

clude that the evidence here was such that, when reviewed in the light most favorable to the government, a rational trier of fact could have found the requisite "slight connection" beyond a reasonable doubt. Evidence was introduced at trial that Ngo was a "crew member"; that he purchased the Ford Bronco used to transport the stolen computer chips; that he then drove it to Portland, where the robbery was to take place; that he ate breakfast at the same restaurant in Portland as his co-conspirators, who later committed the robbery; that the Ford Bronco was seen at the hotel in Portland where the robbery was planned; that he switched vehicles with Long Thanh prior to the robbery; that he then waited at the rest stop while the others in the group took the Ford Bronco and committed the robbery; that he switched cars again after the group returned to the rest stop with the Ford Bronco loaded with stolen computer chips; and that he drove the Ford Bronco laden with stolen computer chips back to a residence in San Jose, where he remained while they were unloaded. Further, there was testimony that Ngo was a business partner in Megatech, a company identified as a front business selling stolen computer chips.

## B.

■ A defendant that does not himself use a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c) nonetheless may be convicted of having done so pursuant to the *Pinkerton* doctrine if: "(1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement." *United States v. Fonseca–Caro*, 114 F.3d 906, 908 (9th Cir.1997). Ngo argues that

the government's evidence was insufficient as to the third factor and, thus, that the district court erred in denying his motion for judgment of acquittal as to Count III.

Assuming without deciding that a determination of foreseeability "must be supported by the particular facts and circumstances of the underlying ... robbery," *cf. United States v. Zelaya*, 114 F.3d 869, 871–72 (9th Cir.1997) (so holding in the sentencing context), we hold that the evidence here was such that, when reviewed in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that the use of firearms during the commission of the robbery could reasonably have been foreseen. It is true, as Ngo argues, that evidence was introduced at trial that Ngo was purposefully kept ignorant of the details of the robbery, including that he was not present at the planning meetings that took place on the night of the robbery; that the firearms used during the robbery were concealed from Ngo both before and after the robbery; and that Ngo was not present at the robbery itself. Nonetheless, the government also introduced evidence that Ngo purchased the Ford Bronco truck in which the stolen computer chips were to be hauled; and that Ngo arrived and waited at the rest stop, during which the robbery took place, in the middle of the night. Thus, given the amount of goods Ngo could reasonably have foreseen would be stolen and given the time of night during which the robbery was to take place, a rational trier of fact could have concluded beyond a reasonable doubt that Ngo could reasonably have foreseen that his co-conspirators would use firearms to contend with the security guards or other employees that likely would be present to protect such a large amount of valuable property in the middle of the night.

## II.

■ Ngo argues that the district court improperly instructed the jury as to Count III when it gave the jury an aiding-and-abetting instruction rather than a conspiracy instruction. Because Ngo did not object to the instruction during the trial, we review the instruction for plain error. *United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998). Under plain-error review, we may reverse only if there is "error" that is "plain," "affect[s] substantial rights," and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Assuming without deciding that the district court erred and that this error was plain, we conclude that the error did not affect Ngo's substantial rights. Aiding and abetting under 18 U.S.C. § 924(c) requires that "the defendant must have directly facilitated or encouraged the use of the firearm and not simply be aware of its use." *United States v. Bancalari,* 110 F.3d 1425, 1430 (9th Cir.1997) (internal quotation marks omitted). Accordingly, the district court instructed the jury: "The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping [others to] commit the offense of using or carrying a firearm in relation to the commission of a crime of violence." Because "facilitat[ing] or encourag[ing] the use of the firearm" or "act[ing] with the knowledge and intention of helping" others to use a firearm necessarily means that the use of the firearm is foreseeable, to the extent that the jury found that there was sufficient evidence to convict Ngo of aiding and abetting the use of a firearm, the jury necessarily also could have found him guilty under the *Pinkerton* doctrine.

## III.

### A.

■ Ngo argues that his sentence was imposed in violation of the Sixth Amendment. Because Ngo did not raise his objection at sentencing, we review for plain error. *United States v. Booker,* — U.S. —, —, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005). Although we conclude that there was error and that this error was plain, because the record does not evince whether the district court would have imposed a materially different sentence under the now advisory Sentencing Guidelines rather than the mandatory Sentencing Guidelines in effect at the time Ngo was sentenced, we cannot say whether the error affected Ngo's substantial rights. *See United States v. Ameline,* 409 F.3d 1073, 1074–75 (9th Cir.2005). Accordingly, "a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.*

### B.

Ngo also argues that the district court erred in imposing his sentence in several further ways. Although the Sentencing Guidelines are no longer mandatory, district courts must nonetheless "at least consider the available sentence under the now-discretionary federal Guidelines" and, in so doing, must "begin ... with the proper interpretation of the Guidelines." *United States v. Moreno–Hernandez,* 397 F.3d 1248, 1256 n. 10 (9th Cir.2005). Thus, we must reach Ngo's further arguments regardless of the district court's conclusion as to whether it would have imposed a materially different sentence under the now advisory Sentencing Guidelines.

### 1.

For purposes of calculating his or her offense level under the Sentencing Guidelines, a conspirator is accountable only for the conduct of his or her co-conspirators that was undertaken in furtherance of the conspiracy and was "reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3(a)(1)(B). Ngo argues that the amount of loss and the physical restraint of and bodily injury to Oki employees was not reasonably foreseeable by Ngo, and, thus, that the district court erred in upwardly adjusting Ngo's offense level on these bases. To the extent Ngo argues that the district court failed to make the appropriate findings, we find that, to the contrary, the district court adopted the relevant findings in the Presentence Report. This is sufficient. *United States v. Rigby*, 896 F.2d 392, 394–95 (9th Cir.1990). To the extent Ngo argues that these findings were incorrect, we review for clear error "the district court's determination that a co-conspirator's actions were reasonably foreseeable." *United States v. Lavender*, 224 F.3d 939, 941–42 (9th Cir. 2000). For the reasons noted above in Part I, we conclude that the district court's determinations are not clearly erroneous.

### 2.

■ Ngo also argues that he deserved a downward adjustment for his minimal or minor role in the conspiracy and for his acceptance of responsibility. We review the district court's determination whether a defendant was a minimal or minor participant for clear error. *See United States v. Williams*, 185 F.3d 945, 946 (9th Cir.1999). Given Ngo's role in the conspiracy, as detailed in Part I above, we conclude that the district court's did not clearly err in finding that Ngo was neither a minimal nor minor participant in the conspiracy. *See United States v. Hernandez–Franco*, 189

F.3d 1151, 1160 (9th Cir.1999) (affirming the district court's denial of a downward adjustment for the defendant's purported minor role in a conspiracy to transport aliens where there was "little in the record to suggest that [the defendant] was involved in making smuggling arrangements for the aliens, or that appellant was somehow a leader of the organization," but concluding that "the mere fact that [the defendant] was [only] to transport the aliens north does not entitle him to a minor role adjustment").

■ As for the downward adjustment for acceptance of responsibility, Ngo did not below apply for a downward adjustment on this ground. Although Ngo argued in his Statement of Mitigation that "by his own action in coming back to the United States to face justice he has demonstrated a willing acceptance of responsibility," he did so in the context of "request[ing] the court to grant a downward *departure*" (emphasis added) and citing to U.S.S.G. § 5K2.16, which permits for a downward *departure* where "the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense *prior to the discovery of such offense* . . . ." U.S.S.G. § 5K2.16 (emphasis added). On appeal, however, Ngo argues that he was entitled to a downward *adjustment* for having accepted responsibility pursuant to U.S.S.G. § 3E1.1, which is applicable where the defendant accepts responsibility either before or after charges are filed. Thus, because Ngo failed to apply below for a downward adjustment for having accepted responsibility, this claim is waived. *United States v. Parker*, 991 F.2d 1493, 1501 (9th Cir.1993).

### 3.

■ Ngo also argues that the district court failed to consider whether he was entitled to a downward departure on the

basis of his extraordinary family responsibilities. However, Ngo did not seek a downward departure on this basis below, and, thus, this claim too is waived. *United States v. Tucker*, 133 F.3d 1208, 1219–20 (9th Cir.1998).

### IV.

■ Finally, Ngo argues that his trial counsel rendered ineffective assistance, and, thus, that the district court erred in denying Ngo's motion for a new trial on this ground. However, "[t]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255...." *United States v. Rewald*, 889 F.2d 836, 859 (9th Cir.1989) (internal quotation marks omitted), *amended by* 902 F.2d 18 (9th Cir.1990). This "permits the defendant to develop a record as to what counsel did, why it was done, and what, if any prejudice resulted." *Id.* (internal quotation marks omitted). Accordingly, we hold that the district court did not err in denying Ngo's motion for a new trial on this basis.[1]

AFFIRMED in part and REMANDED in part.

RYMER, Circuit Judge, concurring in part and dissenting in part.

I agree that the conviction on counts one and two should be affirmed, but I would reverse on count three for lack of sufficient evidence of any connection with the firearms. For this reason, I would not reach the issue of instructional error; however, as the conviction on count three is being

affirmed, I agree that no plain error occurred. Also for this reason, and for the further reason that the conspiracy was to transport not to rob, I would hold that there is no basis for enhancing Ngo's sentence on account of physical restraint of, and bodily injury to, Oki employees.

---

1. Although the district court held that Ngo's trial counsel did not render ineffective assistance of counsel, because the district court did not have before it the sort of record that is typically available when ruling on a petition for a writ of habeas corpus, we hold that Ngo is not barred from raising this claim in a future petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2255. *See United States v. Hanoum*, 33 F.3d 1128, 1132 (9th Cir.1994).