UNITED STATES of America, Plaintiff—Appellee,

v.

Roberto PEREZ–SOTO, Defendant—Appellant.

No. 05–30182.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2006.*

Decided Jan. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee. Kelly J. Varnes, Esq., Hendrickson, Everson, Noennig & Woodward, P.C., Billings, MT, for Defendant–Appellant.

Before: KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,** District Judge.

### MEMORANDUM ***

Perez–Soto appeals his conviction for Possession with Intent to Distribute Methamphetamine. We affirm.

Perez–Soto first argues that there was insufficient evidence to convict him of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). Because no motion for acquittal pursuant to Federal Rule ov Criminal Procedure 29 was made at trial, our review is for plain error.[1] In determining the sufficiency of the evidence, the evidence is viewed in a light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements beyond a reasonable doubt.[2] A conviction for 21 U.S.C. § 841(a)(1) requires that the jury find that the defendant (1) knowingly possessed the controlled substance, (2) with the intent to distribute it to another person. A rational trier of fact could have found the essential elements based upon evidence that (1) 79.2 grams of pure methamphetamine were found in Perez–Soto's hotel room, (2) an empty container of a cutting agent was found in another hotel room registered to Perez–Soto, and (3) $1,600 in cash was found in a diaper bag, and he had over $1,000 on his person when arrested. Thus, Perez–Soto's insufficiency of the evidence claim fails.

Perez–Soto next argues that it was error to instruct the jury on aiding and abetting as a theory for liability when the indictment did not specifically charge aiding and abetting the possession with intent to distribute methamphetamine. This argument is directly contrary to this circuit's established caselaw, which holds that aiding and abetting liability is embedded in every substantive charge.[3]

AFFIRMED.

---

** The Honorable Edward Rafeedie, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998) (per curiam).

2. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

3. *See United States v. Gaskins,* 849 F.2d 454, 459 (9th Cir.1988) ("[A]ll indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment." (internal quotation marks omitted)).