**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Manuel AGUIRRE–GANCEDA,
Defendant—Appellant.**

**No. 04–30345.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 25, 2006.

Decided May 5, 2006.

Gregory M. Shogren, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Scott Etherton, Esq., Law Offices of Scott Etherton, Richland, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and BURNS,* District Judge.

## MEMORANDUM **

■ 1. Appellant Jose Manuel Aguirre–Ganceda did not object to Deputy Shon Small's testimony regarding his (a) background, (b) training or (c) experience in handling informants. Aguirre–Ganceda also did not object to Deputy Small's testimony regarding the confidential informant being a reliable informant or regarding the anonymous letter. Therefore, our review is for plain error. *See United States v. Mendoza–Paz,* 286 F.3d 1104, 1113 (9th Cir.2002). Plain error occurs only when the defendant's substantial rights are affected, i.e., when the outcome of the proceedings is affected. *See United States v. Bear,* 439 F.3d 565, 568–69 (9th Cir.2006). Because there was overwhelming evidence of his guilt, including observed drug transactions, Aguirre–Ganceda cannot make the required showing regarding this challenged testimony. *See United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998) (explaining that because the evidence against Morfin was overwhelming, the error did not affect his substantial rights.).

■ 2. Aguirre–Ganceda did object to Deputy Small's testimony regarding what the confidential informant told Small about Aguirre–Ganceda being a drug dealer. Where testimonial statements are at issue, the Sixth Amendment mandates a right of confrontation. *Crawford v. Washington,* 541 U.S. 36, 68–69, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). However, any Sixth Amendment violation is subject to harmless error analysis. *See United States v. Blandin,* 435 F.3d 1191, 1195 (9th Cir. 2006). An error is harmless if the defendant suffers no prejudice as a result of the error. *Id.* Aguirre–Ganceda suffered no prejudice from the testimony regarding the confidential informant's description of him as a drug dealer because of the plenitude of other evidence presented to justify that description. *See United States v. Allen,* 425 F.3d 1231, 1235 (9th Cir.2005) (holding that even if the statements were improperly admitted, any error was harmless since there was overwhelming evidence connecting the defendant to the conspiracy.).

3. As Aguirre–Ganceda was sentenced to the statutory mandatory minimum sentence, resentencing is not warranted. *See United States v. Dare,* 425 F.3d 634, 643 (9th Cir.2005) (declining to remand for resentencing, because the outcome of resentencing "could not possibly be different" where a mandatory minimum sentence is imposed) (citations omitted).

4. Viewing the evidence in the light most favorable to the prosecution, the evidence presented at trial was sufficient for the jury to find Aguirre–Ganceda guilty of the October 19, 2001 transaction, which was observed by Deputy Small. *See United States v. Labrada–Bustamante,* 428 F.3d 1252, 1260 (9th Cir.2005) (explaining that the record contained extensive and sufficient evidence from which a rational jury could infer that Labrada had the requisite intent to distribute drugs.).

**AFFIRMED.**

---

\* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.