UNITED STATES of America, Plaintiff–Appellee,

v.

Gerard A. HOOD, Jr., Defendant–Appellant.

No. 06–10627.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2008.

Filed Sept. 18, 2008.

525

Kirstin M. Ault, Barbara Valliere, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Steven S. Lubliner, Esquire, Law Offices of Steven S. Lubliner, Petaluma, CA, for Defendant–Appellant.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendant Gerard A. Hood, Jr., appeals his jury conviction and sentence. He argues that his conviction under 18 U.S.C. § 924(c) was not supported by sufficient evidence, that his counsel was ineffective, and that his sentence was unreasonable. We affirm.

Hood moved for judgment of acquittal at the close of the government's case but never renewed that motion. Thus, we review his sufficiency of the evidence challenge for plain error. *United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998). We find no error, plain or oth-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

erwise, because an analysis of the evidence in the light most favorable to the government reveals that it was sufficient to support the § 924(c) conviction under a theory of conspiracy. *See United States v. Fonseca–Caro,* 114 F.3d 906, 907 (9th Cir.1997). A defendant is responsible for the act of a co-conspirator if the act is committed in furtherance of the conspiracy "unless it could not reasonably be foreseen as a natural consequence of the agreement." *United States v. Lewis,* 787 F.2d 1318, 1323–24 (9th Cir.1986). To convict Hood of violating § 924(c) based on Lawrence Fleming's shooting of the postal carrier, Harjit Surajbansi, the government had to prove that the shooting was reasonably foreseeable. *United States v. Sanders,* 421 F.3d 1044, 1049 (9th Cir.2005).

■ Viewing the evidence in the light most favorable to the government, it demonstrates that Enrique Dixon, Fleming, Ruben Cannon, and Hood conspired to commit robbery, and that Fleming would carry a gun during the robbery. All of the men knew the gun was loaded. The gun was discharged in furtherance of the conspiracy. Fleming shot Surajbansi after the robbers had taken the money and cellular phone, and this facilitated their safe return to Cannon's car. Thus, the shooting was a reasonably foreseeable consequence of Hood's decision to enter into a conspiracy to commit robbery and to use a gun in the process. *See United States v. Franklin,* 321 F.3d 1231, 1236 (9th Cir. 2003) ("[The defendant] knew of the robbery plans and agreed with [a co-conspirator] that weapons should be used 'in a threatening manner' during the robbery. Accordingly, [the defendant] remained responsible for the foreseeable acts of the conspiracy of which he was a part. Hence . . . the discharge of a firearm was reasonably foreseeable in this case."); *United States v. Hoskins,* 282 F.3d 772, 776 (9th

Cir.2002) ("The government, however, is not required to establish that [the defendant] had actual knowledge of the gun."). Further, Hood actively participated in the robbery. He went with Fleming and Dixon when they approached the mail truck, and he punched Surajbansi in the mouth; "he did not merely stand by idly while" the other conspirators robbed Surajbansi. *See United States v. Lipsey,* 62 F.3d 1134, 1137 (9th Cir.1995). Accordingly, there was sufficient evidence for a reasonable juror to have found the essential elements of the crime beyond a reasonable doubt.

■ The discussion of Hood's sufficiency of the evidence claim demonstrates that his ineffective assistance of counsel claim necessarily fails. To prevail on an ineffective assistance of counsel claim, Hood must demonstrate (1) ineffective assistance and (2) prejudice. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Any ineffective assistance in the failure to renew the motion for acquittal did not prejudice Hood because the motion lacked merit. Accordingly, his ineffective assistance of counsel claim fails.

■ Finally, Hood challenges the substantive reasonableness of his sentence. He argues his sentence was unreasonable because it is substantially longer than Fleming's, and Fleming was the more culpable offender. Fleming received a sentence of 96 months' imprisonment as a result of a significant downward departure based on his cooperation with the government and acceptance of responsibility. Hood received a sentence of 168 months' imprisonment. Hood recognizes that the district court was obligated to sentence him to 120 months' imprisonment for violating § 924(c); he argues that the district court acted unreasonably in failing to "greatly reduce[ ]" his sentences on counts one through three to address the disparity

between his sentence and Fleming's sentence.

However, the district court considered the disparity between the sentences. To partly address the disparity, it sentenced Hood on counts one through three to a term 15 months below the Guidelines range. The disparity in sentences is not unwarranted. *See United States v. Shabani*, 48 F.3d 401, 404 (9th Cir.1995) ("The record ... contains ample explanation for the disparity in sentences."). Thus, the district court did not unreasonably sentence Hood.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.