**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50185 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00175-MWF-1 |
| v. | |
| GEORGE WU, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and MAHAN,** District Judge.

Defendant-Appellant George Wu appeals from six jury convictions for

bribery and conspiracy to commit bribery on two grounds: first, that the district

court's substantive-bribery instruction was plainly erroneous because it

constructively amended counts three and four of the indictment; and second, that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

the district court erred in permitting the government to cross-examine Wu regarding specific instances of alleged past misconduct. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The substantive-bribery instruction was misleading as to counts three and four, and the error was clear. Counts three and four charged Wu with having bribed John Lee's unnamed contacts within the U.S. Customs and Immigration Service ("USCIS"), but the instruction directed the jury to assess whether Wu bribed Fred Moldt or Daniel Amos, two known USCIS officers with no connection to Lee. The instruction was thus "unquestionably erroneous on its face." *United States v. Morfin*, 151 F.3d 1149, 1151 (9th Cir. 1998) (per curiam).

The error did not, however, affect Wu's substantial rights because the evidence against him as to counts three and four was overwhelming. *See United States v. Marcus*, 560 U.S. 258, 262 (2010); *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004). Wu did not dispute that he gave thousands of dollars in cash to Lee on August 7 and October 22, 2013; the jury received hours of taped conversations between Wu and Lee in which, among other things, Wu explicitly agreed to pay Lee so that Lee's USCIS insiders could secure legal residency for one of Wu's clients; and Wu admitted to having never introduced Lee to the clients on whose behalf Wu was supposedly paying attorney fees. Moreover, in response

2

to its request for a "list of each bribery case" for which it was to assess guilt, the jury was provided with a copy of the indictment, which clarified the specific conduct for which the jury was to convict or acquit. Given this record, we are satisfied "that the error did not affect the jury's verdict, and thus did not affect the defendant's substantial rights." *Morfin*, 151 F.3d at 1151.

2. The district court did not abuse its discretion in permitting the government to cross-examine Wu about his alleged past acts. Evidence of those acts was relevant to show Wu's predisposition to commit bribery or to unlawfully misuse confidential government information, which in turn was relevant to rebut Wu's entrapment defense. *See* Fed. R. Evid. 405(b); *United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1102-03 (9th Cir. 2002) (per curiam). The evidence was also relevant to show Wu's character for untruthfulness. *See* Fed. R. Evid. 608(b); *United States v. Dring*, 930 F.2d 687, 691 & n.3 (9th Cir. 1991). There was "sufficient evidence" adduced at trial, moreover, to support a finding that Wu committed those other acts. *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012); *see also Huddleston v. United States*, 485 U.S. 681, 685-89 (1988). Finally, Federal Rule of Evidence 403 did not require that the evidence of Wu's past acts be excluded. *See United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004).

**AFFIRMED.**